Compiler

FILED
SUPERIOR COURT
GUAM

2014 FEB -5 PM 2: 37

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM<br><br>v.<br><br>HEN HENRY, a.k.a. Robby Hen,<br>HELPME ROBY, a.k.a. Omni Please,<br>GIBSON BILLIAS, a.k.a. Gypson Billuk,<br>BETEWEN HENRY, a.k.a. Fetin Henry, and<br>ORATUCH HENRY, a.k.a. Henry Oratuch,<br><br>Defendants. | CRIMINAL CASE NO. CF 0682-13<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 30th and 31st days of January, 2014, for hearing on pending motions, which included Defendant Oratuch Henry's ("Oratuch's") Motion to Compel Production of Discovery, Oratuch's Motion to Sever Defendants for Trial, Attorney Anthony R. Camacho's Motion to Withdraw, the Government's December 30, 2013 Motion for Discovery, the Government's January 29, 2014 Motion for Discovery and Motion to Seal, and Defendant Helpme Roby's Motion to Suppress Statements and Derivative Evidence. Attorney Jeffrey Moots represented Defendant Hen Henry, Attorney Terence Timblin represented Defendant Helpme Roby, Attorney Anthony R. Camacho appeared with Defendant Gibson Billias, Attorney John Terlaje represented Defendant Betewen Henry, Attorney Joaquin C. Arriola, Jr. represented Oratuch, and Assistant Attorney General

Elizabeth Vasiliades represented the Government. For the reasons set forth below, Mr. Camacho's Motion to Withdraw is granted and the Government's December 30, 2013 Motion for Discovery is granted. The Government's Motion to Seal is denied, and the Government's January 29, 2014 Motion for Discovery was withdrawn at hearing. Oratuch's Motion to Sever, Oratuch's Motion to Compel, and Defendant Helpme Roby's Motion to Suppress Statements and Derivative Evidence remain pending before the Court.

## I. Mr. Camacho's Motion to Withdraw

Mr. Camacho moves to be relieved as counsel for Defendant Gibson Billias in this case on the grounds that he was appointed counsel for one of the alleged victims in this case in an unrelated juvenile proceeding. The Court has confirmed in its records that Mr. Camacho was appointed counsel for one of the alleged victims in this case on December 31, 2013. This was three days prior to his appointment as counsel for Defendant Billias in this case on January 2, 2014. In light of the clear conflict, Mr. Camacho's motion is granted and he is relieved as counsel for Defendant Billias.

## II. Government's December 30, 2013 Motion for Discovery

The Government's December 30, 2013 Motion for Discovery requests a sample of saliva via buccal swab from each of the Defendants for additional forensic testing. 8 GCA § 70.25(a)(7) authorizes the Court to order the Defendant to permit the taking of reasonable samples of bodily materials. Four of the Defendants in the case – Hen Henry, Helpme Roby, Gibson Billias, and Betewen Henry – are accused of engaging in sexual penetration with a minor under fourteen years of age. In light of the nature of allegations, the Court finds the evidence requested by the Government is potentially highly probative and its collection would not be an unreasonable intrusion upon the body of any of those four Defendants.

Defendant Oratuch Henry is accused only of aiding or inducing the other Defendants in engaging in sexual contact with the victims. There is no allegation in the indictment that Oratuch himself engaged in any sexual contact with the victims. Nevertheless, the Government has requested a buccal swab from Oratuch, and Oratuch's counsel, acknowledging the questionable relevance of a buccal swab to the facts put in issue by the indictment, did not object to the request.

Accordingly, the Government's December 30, 2013 Motion for Discovery is granted. Counsels represented to the Court at hearing that they would stipulate to mutually convenient times for their clients to provide these samples at their places of detention or, in the case of Defendant Hen Henry, at the crime lab, within one week's time; the parties are ordered to do so.

### III. Oratuch's Motion to Sever Defendants for Trial

The Government filed its opposition to Oratuch's Motion to Sever the morning of hearing. Though Defendant Betewen Henry filed a joinder in Oratuch's Motion to Sever, it remains unclear to the Court whether he, or any of the other Defendants who have not submitted briefing on the issue, seek severance merely of Oratuch or of each of themselves. The parties will be given until close of business on Monday, February 10, 2014 to submit their briefing on the question of severance, after which time the Court will take the question under advisement.

### IV. Oratuch's Motion to Compel Production of Discovery

At hearing, the parties advised the Court of the status of discovery. The principal point of contention with respect to Oratuch's Motion to Compel is the handling of potential juvenile records of the alleged victims in the case. The Government has not yet submitted any briefing on this issue. In light of the progress in discovery and the Government's acknowledgment of its discovery obligations, the Government, and the co-Defendants in this case, will be given until

the close of business on Friday, February 7, 2014 to submit briefing to Oratuch's Motion to Compel, after which time the Government will be deemed to have consented to the motion in full if no opposition has been filed.

## V. Government's January 29, 2014 Motion for Discovery and Motion to Seal

The Court preliminarily granted the Government's Motion to Seal its Motion for Discovery filed on January 29, 2014 pending hearing. At hearing, Defendant Hen Henry's counsel objected to the Motion to Seal, arguing that sealing the proceedings would violate his Constitutional right to a public trial under the Sixth Amendment and citing *Guam Publications v. Superior Court (People)*, 1996 Guam 6. The Government relied on the Crime Victim's Rights Act of 2004, in particular the requirement of the Victim's Bill of Rights at 8 GCA § 160.50(o) that the victims "be treated with fairness and respect for their dignity and privacy throughout the criminal justice process."

The alleged minor victims in this case already enjoy the protection of their privacy afforded by the Court's designation of them only by their initials. The Court acknowledges the Government's contention that the requested discovery is sensitive, but it appears to the Court that the protection of the victim's identities through regular procedures for handling minor victims is adequate to satisfy the privacy and dignity requirements of the Victim's Bill of Rights, balanced properly with the Defendant's right to a public trial. Accordingly, the Government's Motion to Seal was denied.

Defendant Hen Henry's counsel objected to the underlying discovery motion, arguing lack of probable cause for the requested searches and arguing that the requested evidence was not relevant to the facts put in issue by the indictment. The Government withdrew its January 29, 2014 Motion for Discovery at hearing.

## VI. Defendant Helpme Roby's Motion to Suppress

Defendant Helpme Roby's motion to suppress, requesting a *Denno* hearing, was submitted on January 24, 2014, and the Government has not yet had an opportunity to file an opposition. That motion remains pending before this Court. The Government's opposition is due on February 14, 2014, and the motion will heard on February 21, 2014. Counsel for the Defendant is reminded to make appropriate redactions to materials that might identify juveniles prior to submitting them as exhibits.

## CONCLUSION

For the reasons set forth above, Attorney Anthony R. Camacho's Motion to Withdraw is **GRANTED** and he is relieved as counsel for Defendant Gibson Billias.

The Government's December 30, 2013 Motion for Discovery is **GRANTED** and the Defendants are hereby **ORDERED** to permit the taking of samples of the materials of their body via buccal swab, at the places of their detention or at the crime lab, at times to be agreed upon by each of them, their respective counsels, and the Government, but no later than the close of business on Friday, February 7, 2014 unless leave is otherwise granted by this Court.

The Government's Motion to Seal its Motion for Discovery of January 29, 2014 is **DENIED**. The Government has withdrawn the underlying discovery motion.

Defendant Oratuch Henry's Motion to Compel Production of Discovery remains pending before the Court. The parties are **ORDERED** to submit to the Court any additional briefing or materials relevant to the motion, including their positions on disclosure of any juvenile records of the alleged victims in this case, prior to the close of business on Friday, February 7, 2014 after which time the Government will be deemed to have consented to the motion in full if no opposition has been filed.

Defendant Oratuch Henry's Motion to Sever Defendants for Trial remains pending before the Court. The parties are **ORDERED** to submit to the Court any additional briefing or materials relevant to the issue of severance of the co-Defendants for trial prior to the close of business on Monday, February 10, 2014.

Defendant Helpme Roby's Motion to Suppress remains pending before this Court. The Government's opposition is due on February 14, 2014, and the motion will heard on February 21, 2014.

**IT IS SO ORDERED** this day of ___*5 FEB 2014*___.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

Jo hereby certify that the foregoing s a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam

FEB - 5 2014

Benny O Cruz
Deputy Clerk Superior Court of Guam